# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>Plaintiff,<br><br>v.<br><br>STU SHERMAN,<br><br>Defendant. | Case No. 1:18-cv-01420-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO MERGE CASES<br>(ECF No. 13)<br><br>ORDER REGARDING OPERATIVE COMPLAINT |

Plaintiff Norman Gerald Daniels, III ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened. Currently before the Court is Plaintiff's motion for rewrite and merger of all issues and cases, filed March 6, 2019. (ECF No. 13.)

In his motion, Plaintiff requests the merger of the instant action with Case No. 1:18-cv-01499-LJO-EPG, explaining that some of the issues in that case are duplicated in this action. Upon review of the docket in that case, it appears the action was closed, as duplicative of this action, shortly after Plaintiff filed his motion for merger of the cases. As noted in the order adopting findings and recommendations issued in that case, the court found that the two actions were duplicative, and therefore merger or consolidation of the two cases was unnecessary. See Docket No. 18, Case No. 1:18-cv-01499-LJO-EPG (E.D. Cal.). The undersigned agrees, and the motion is denied accordingly.

1

Plaintiff also filed a first amended complaint on July 17, 2019. (ECF No. 14.) Though there is no motion attached, the Court construes the filing as a motion for leave to file an amended complaint, together with the proposed first amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's motion to amend shall be granted.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to merge cases, (ECF No. 13), is DENIED;
2. Plaintiff is granted leave to amend, and the first amended complaint filed July 17, 2019, (ECF No. 14), is the operative complaint in this action; and
3. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **February 19, 2020**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes, however, that the first amended complaint remains subject to screening, including any analysis of whether the claims asserted violate principles of *res judicata*.