1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11 | NORMAN GERALD DANIELS, III,

12 |         Plaintiff,

13 |     v.

14 | SHERMAN,

15 |         Defendant.

16

17

Case No. 1:18-cv-01420-AWI-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF FIRST AMENDED COMPLAINT, WITH PREJUDICE, AS BARRED BY *RES JUDICATA* AND AS FRIVOLOUS

(ECF No. 14)

**FOURTEEN (14) DAY DEADLINE**

18      Plaintiff Norman Gerald Daniels, III ("Plaintiff") is a state prisoner proceeding *pro se* and

19 *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first

20 amended complaint, filed on July 17, 2019, (ECF No. 14), is currently before the Court for

21 screening.

22 **I.      Screening Requirement**

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

25 § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

26 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

27 relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C.

28 § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.      Plaintiff's Allegations**

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names Warden Stu Sherman, in his official capacity, as the sole defendant.

Plaintiff raises several issues in this complaint dealing with his ability to effectively communicate through assistance by staff or inmates.  Plaintiff alleges that he is legally blind, and that he cannot effectively read or write due to limitations placed on him due to his incarceration. Plaintiff alleges that the California Department of Corrections and Rehabilitation has been deficient in providing access and assistance related to Plaintiff's disability for at least the past eight years.

As Plaintiff's complaint is more than thirty pages long, and, as discussed below, largely present claims duplicative of those dismissed in prior actions, the Court will summarize Plaintiff's allegations as follows:

///

///

2

1               1.     <u>IDA Workers</u>

2               a.     <u>Ineffective Access to Equipment in the Library</u>

3          Plaintiff is limited to accessing the law library during certain days and times, further

4   limited by holidays, sick leave, lock downs or modified program, and any other necessary calls to

5   be elsewhere in the prison during the accessible times.

6          Plaintiff has priority on the ADA computer and is allowed one hour a day minimum over

7   all other ADA inmates with the exception of the PLU users.  Plaintiff has no access if there are

8   five or more PLU users.  Plaintiff must use his computer access for personal, legal, educational,

9   and religious purposes.

10         The ADA computer does not have all relevant software running on it in order for Plaintiff

11  to access the courts, and the other "legal computers" do not have the relevant ADA software

12  running on them for him to access the courts, namely to do legal research.

13         The workers in the law library that can assist Plaintiff, cannot and are not able to help as

14  their workload and education in the law are extremely limited.  More than one ADA inmate may

15  need assistance at any given time, so an assistant is not always available.  When library assistants

16  are available, they are not allowed to do legal research as per policy, and are only allowed to help

17  with the filing of documents in order to get inmates started.  In Plaintiff's case, this includes

18  filling out such documents and getting the correct addresses, but they are not allowed to write and

19  look up or cross reference cases.

20         IDA workers, who are ADA assistant workers, are, by their job description, not required

21  to do legal work for inmates.  Inmate assistant workers can voluntarily help with reading and

22  writing of sensitive materials, but only at the discretion of an officer, and can decline to help or

23  allow help for personal or safety reasons.

24         Plaintiff must find volunteers to help him.  Staff and inmates have specifically told

25  Plaintiff they do not have to do legal work, even after the revised job description was

26  implemented showing that IDA workers can in fact help to read and write where necessary.

27  Plaintiff has been denied even access to IDA Workers in the library during what was considered a

28  general lock down, or modified program, where there were IDA Workers available and even

1 | volunteered to help Plaintiff, but they were turned away from giving that help as an officer said
2 | Plaintiff was not allowed due to the modified program.

3 | b.      No Equipment Available in Housing Units

4 | There are IDA workers available in the housing units.  There are times and days Plaintiff
5 | needs access to such workers in order to meet court deadlines, write and mail legal, personal, and
6 | education correspondence, but according to policy those inmates only need to read and write
7 | official papers dealing with institutional access, i.e. filling out official forms, reading ducats, and
8 | the like.  They do not have to read or write any other thing.  Plaintiff alleges this policy is
9 | violating his civil rights, as he has the right to see at all times, and thus, if he needs to, or wants
10 | to, write, he has the right at any time within the bounds of safety.

11 | Plaintiff specifically asked certain officers if he could access the day room and those IDA
12 | workers in order to read and write, and otherwise shuffle his paperwork.  Plaintiff was
13 | specifically told to take his papers outside during his yard time.  Plaintiff explained to the officer
14 | that he cannot do such work in his dorm as there are no desks or tables to sit at.  Plaintiff asked as
15 | an ADA accommodation that he might use the tables and IDA workers to do work that he
16 | otherwise would be able to do if he were able to see and in the dorm.  Plaintiff has asked officers
17 | to utilize these inmates during general modified lock downs, and was quoted that safety and
18 | security come before any other access.

19 | c.      Officers and Inmates Unwilling to Make Accommodations

20 | Plaintiff has experienced difficulty with officers and inmate IDA workers.  Plaintiff has to
21 | find volunteers to help him read and write as IDA workers are not required to do such things for
22 | Plaintiff.  Some of the help is from IDA workers, but this is inconsistent at best.

23 | Over the years, Plaintiff has made verbal requests to staff to help him find IDA workers to
24 | help him with his papers, but per policy they are not required to do so, but are only required to
25 | assist with daily functions of life, such as mobility, effective verbal communications, etc.  Per the
26 | IDA Worker's Job Description, they are not allowed to touch legal or confidential materials
27 | without consent of their supervisors, and then those inmates do not have to help with such
28 | paperwork if they feel uncomfortable.

4

Plaintiff attempted to reason with staff on more than one occasion to find help with his legal work, but was denied, and was even argued with when he attempted to explain that he does not want the IDA workers to "do" his legal work as his own lawyer, but he only needed them to read and write, and to help him organize his papers.

d.      Policy and Procedures Violating Civil Rights

Plaintiff claims that the prison's policies and procedures have violated his civil rights by denying him access to the courts, education, and the ability to effectively communicate other than verbally.  Plaintiff has asked the prison to change the policy to include a position or an inclusion for IDA workers to be required to help blind inmates to read and write.  Plaintiff alleges this requirement is a reasonable request and is necessary to fix the violation.  As far as Plaintiff knows, to date, the institution has failed to look into or implement any such investigation into his request, but has only restated the IDA worker job description where either/or the supervising officer, and IDA worker have to voluntarily agree to help.

Plaintiff sets forth specific incidents on which these claims are based, and as evidence of policies and procedures which have in the past, and at present Plaintiff argues violate his civil rights.  (*See* ECF No. 14, pp. 13–16.)

Plaintiff alleges that CDCR must provide him with a person, when absent of equipment, who can effectively read and write, and that person must read and write for Plaintiff anything which he wants and needs.

e.      Damages

There have been no interim accommodations available to Plaintiff while complaining to the prison about this subject.  During his eight years of blindness, Plaintiff has failed several legal cases due to his inability to meaningfully access the courts.  Plaintiff has attempted to find relief in all manner of accessibility, including, but not limited to: requesting personal medical appliances (magnifiers), adding equipment into the housing units such as large magnifiers and text to speech machines, ADA computers in such places as education, and personal access to alleviate any congestion due to a large number of ADA inmates vying for time on this computer, etc.

1    Plaintiff alleges that the IDA Worker Job Description and subsequently the denial of

2    access to the major life function of reading and writing violates Plaintiff's right to see at any

3    given time, and since he is unable to do his own legal work while in the housing unit as any other

4    normal inmate can, he is being discriminated against by virtue of his disability.

5               2.       Education

6                        a.       Ineffective access to the equipment in the library

7    Plaintiff has requested that the proper ADA equipment be placed in the education

8    department so he can access education, as well as access equipment beyond the library.  The

9    prison has done nothing to alleviate Plaintiff's disability and denied his request for accessibility

10   equipment to be placed in the education departments.

11                       b.       Alternative access to equipment

12   In the Institution's Reasonable Accommodations Panel (RAP), Plaintiff was given an

13   alternative to use the Magnifier located in the housing unit(s).  Plaintiff is legally blind and cannot

14   see, and argues that this alternative alludes to his complaint that staff are not researching into his

15   reasonable requests.

16                       c.       Other alternative equipment

17   Staff have also answered with an alternative that there is a Braille typewriter in the

18   housing unit.  This is not true and there has never been in any of the housing units since Plaintiff

19   has been on this facility/yard.

20                       d.       No educational materials in digital format

21   Plaintiff further argues that he has made a reasonable request for the institution to provide

22   scanning technologies and placing the proper equipment in the education department to allow

23   visually impaired inmates to access educational materials in digital format.

24                       e.       No modification of education access

25   The RAP report also states that they do not have to add any ADA equipment to the

26   education (VEP) rooms as it is not required, as such programs are privileged and not offered by

27   the institution.  Plaintiff has requested equipment such as large screen magnifiers, text to speech

28   readers, and ADA computers, for educational purposes first, and for all other reasonable activities

1  second, but has been deferred to the other alternative access as described above.

2              f.        <u>No personnel available/time constraints</u>

3        The RAP also refers Plaintiff to the use of staff for accessibility.  Plaintiff states that this

4  is unreasonable, as that staff member works in the library, where the time is extremely limited,

5  due to the library hours, and then that staff member also has to help other inmates.

6              g.        <u>Forced to learn a new language</u>

7        The institution's last alternative is that Plaintiff can learn Braille through classes offered.

8  English is Plaintiff's first language, and the written word, in the American Alphabet is Plaintiff's

9  native language for which he is proficient.  Since Plaintiff can touch type, and narration is another

10  form of learning, then causing Plaintiff to switch to an alternative language, such as Braille, is

11  highly inappropriate.

12              3.        <u>Request to Purchase Lap Top</u>

13        Plaintiff here outlines three prior cases that he has filed that raised the issue of access to

14  equipment such as laptop computers.[1]  Plaintiff requests that the Court consider this issue

15  separately from the previous complaints.

16        Plaintiff has requested that he be permitted to own a laptop with a tactile keyboard as

17  personal property, the same way other inmates are able to own tablet computers.  Plaintiff needs a

18  tactile keyboard in order to use a computer, so he can access the same education, religious, legal,

19  and personal activities, services, and programs as normal inmates can.

20              4.        <u>Request for Religious Materials</u>

21        Plaintiff attempted to purchase an Audio Bible as an ADA accommodation.  The

22  equipment is a small compact electronic device which has several special functions and would act

23  like a concordance and index word studies, etc.

24        Plaintiff was not permitted to purchase the Audio Bible.  Staff stated that he had equal and

25  effective access through IDA Workers, attending religious services, religious studies offered on

26

27  _____
[1] Plaintiff references *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA (PC), *Daniels v. Sherman*, Case No. 1:16-cv-01312-BAM (PC), and *Daniels v. Sherman*, Case No. 1:16-cv-01313-

28  BAM (PC).

1  the yard, or purchasing a Bible on CDs.  Plaintiff argues that these alternatives are violations of

2  his civil rights because he is attempting to do personal studies which may not line up with the

3  religious preference of the Worker/inmate and issues could arise with volunteers, the Bible on CD

4  violates the policy of a ten CD limit, and a digital version of the Bible does not have the special

5  functions that would allow for study and research of cross reference as with a Bible concordance.

6                  5.      <u>ADA Attached Document</u>

7        When Plaintiff became blind, he was having trouble with the ability to fill out the official

8  prison forms, so he began using attached documents to outline his complaints and then finding

9  inmates to fill out the necessary information (name, prison ID, and so on) to process such

10  documents.  Plaintiff would then have them fill in the part of the forms with the words, "I am

11  legal blind.  Please see attached."  Plaintiff would then lay out his complaint as necessary for the

12  staff to process when he typed the information out on a separate attached page.

13        As Plaintiff had continually harassed the appeals department with his civil rights

14  complaints and followed up with the prison's appeals process, Plaintiff was then denied access to

15  the appeals process as the staff would not accommodate him with the attached pages.  Plaintiff

16  did offer other alternatives, such as updating the ADA computer with the official forms so

17  Plaintiff could have filled out the forms properly.

18                  6.      <u>Relief</u>

19        Plaintiff requests punitive and compensatory damages as to all causes of action.  Plaintiff

20  also seeks injunctive relief in the form of: CDCR fixing policy and hiring persons that must read

21  and write as necessary for those inmates; CDCR placing all forms of equipment in the education

22  department in those prisons as designated for the visually impaired; CDCR must accommodate

23  visually impaired inmates with the ability to perform the same activities as normal prisoners, such

24  as the ability to read and write while in the housing units; CDCR to perform the proper research

25  into such equipment as a laptop computer and printer, and allow for the purchase of paper, and

26  ink for said printer; and CDCR to relax safety requirements and make exceptions as necessary to

27  allow said equipment.

28  ///

1  **II.       Claim Preclusion – *Res Judicata***

2            Claim preclusion bars litigation of claims that were or could have been raised in a prior

3  action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and

4  it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the

5  same parties, or privity between parties," *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.

6  2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)).

7            Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to

8  dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g.*, *Cato v. United*

9  *States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574

10  (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846

11  F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or

12  previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato*, 70

13  F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

14                           **A.  Prior Action: 1:12-cv-00545-LJO-GSA**

15            *Daniels v. Allison*, Case No. 1:12-cv-00545-LJO-GSA ("*Daniels v. Allison*") was filed on

16  April 9, 2012.  In that action, Plaintiff named, among other defendants, Katherine Allison, then-

17  acting warden of CSATF.  *See Daniels v. Allison*, First Amended Complaint, ECF No. 25.

18  Plaintiff alleged that the computers in the law library had not been modified to make them

19  accessible to disabled inmates, and asked that inmate accessible computers be loaded with a

20  particular software to allow access to visually impaired inmates, that prison staff be required to

21  receive sensitivity training, that disabled inmates be given printer ink and paper at wholesale cost,

22  and that computers be made available to disabled inmates during all non-emergency situations.

23            On September 19, 2013, the assigned Magistrate Judge issued findings and

24  recommendations recommending that the first amended complaint be dismissed for failure to

25  state a claim.  *Id.*, ECF No. 26.  The Magistrate Judge found that Plaintiff failed to state any

26  claims arising out of the Americans with Disabilities Act, the Due Process Clause of the

27  Fourteenth Amendment, and denial of access to courts under the First Amendment, and

28  recommended that the case be dismissed.  *Id.*  Plaintiff filed objections on January 13, 2014.  *Id.*,

9

1   ECF No. 32.  On February 21, 2014, the assigned District Judge adopted the findings and

2   recommendations in full and dismissed the case, with prejudice, for Plaintiff's failure to state a

3   claim upon which relief may be granted.  *Id.*, ECF No. 33.

4               **B.  Discussion**

5          Plaintiff's claims are barred by the doctrine of *res judicata*.  First, the instant action

6   concerns the same claims as those raised in *Daniels v. Allison*.  Courts use four criteria to decide

7   whether there is an identity of claims: "(1) whether rights or interests established in the prior

8   judgment would be destroyed or impaired by prosecution of the second action; (2) whether

9   substantially the same evidence is presented in the two actions; (3) whether the two suits involve

10  infringement of the same right; and (4) whether the two suits arise out of the same transactional

11  nucleus of facts."  *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139,

12  1150 (9th Cir. 2011).  The fourth criterion is the most important.  *Id.* at 1151.

13         The allegations in this action arise out of the same nucleus of facts and allege

14  infringement of the same rights as those in *Daniels v. Allison*.  In both cases, Plaintiff alleges that

15  he has been denied certain accommodations related to accessible computers in the law library and

16  housing units, and the lack of accommodations has denied him access to the courts.  In both

17  cases, Plaintiff seeks largely the same forms of relief.  Thus, the allegations in both actions

18  constitute the "same claim."  *Stavrinides v. PG&E*, Case No. C 16-00433 WHA, 2016 WL

19  3345426, at *1 (N.D. Cal. June 16, 2016) ("Res judicata thus precludes claims that could have

20  been raised in the previous action but were not.") (citing *Hiser v. Franklin*, 94 F.3d 1287, 1290–

21  91 (9th Cir. 1996)).

22         To the extent Plaintiff argues that this case raises new legal theories, such as

23  discrimination on the basis of access to education and religion, or seeks new relief in the form of

24  hiring and training IDA Workers, this does not negate the preclusive effect of *res judicata* on the

25  current action.  *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions

26  involve the same injury to the plaintiff and the same wrong by the defendant, then the same

27  primary right is at stake even if in the second suit the plaintiff pleads different theories of

28  recovery, seeks different forms of relief and/or adds new facts supporting recovery.") (citation

1   and internal quotation marks omitted); *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986)

2   ("a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct that was not

3   alleged in his prior action or by pleading a new legal theory.") (citation omitted).

4          Second, Plaintiff received a final judgment on the merits of these claims in *Daniels v.*

5   *Allison*.  That action was dismissed due to Plaintiff's failure to state a claim, and judgment was

6   entered on February 21, 2014.  *Daniels v. Allison*, ECF No. 34.  "[A] dismissal for failure to state

7   a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."  *Stewart*

8   *v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (quoting *Federated Dep't Stores v. Moitie*,

9   452 U.S. 394, 399 n.3 (1981)).

10         Third, there is privity between the parties, due to their commonality of interests.  *Scott v.*

11  *Kuhlmann*, 746 F.2d 1377, 1378 (privity exists between different individuals employed by the

12  same government agency) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03

13  (1940)); *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1183 (S.D. Cal. Aug. 11, 2006) (privity

14  existed between prison officials where parties in the present suit held the same positions and

15  stood in the same relation to the inmate-plaintiff as those in the earlier suit).  Katherine Allison,

16  the defendant in *Daniels v. Allison*, was sued in her capacity as then-warden of CSATF.  Stu

17  Sherman is sued in this action in his official capacity as the current warden of CSATF.  Plaintiff's

18  claims in both the instant action and *Daniels v. Allison* are premised on Allison and Sherman's

19  position as warden.  Thus, Defendant Sherman represents precisely the same right as Allison with

20  respect to the claims in this action.  *See Brooks*, 446 F. Supp. 2d at 1183.  Accordingly, dismissal

21  of Plaintiff's prior action operates as final judgment on the merits of the claims raised in the

22  present action.

23         Finally, the Court notes that following the dismissal of *Daniels v. Allison*, Plaintiff filed

24  two other actions regarding substantially the same claims, which were both dismissed as barred

25  by *res judicata* pursuant to *Daniels v. Allison*.  *See Daniels v. Sherman*, Case No. 1:16-cv-01313-

26  EPG (E.D. Cal.) (dismissed on March 20, 2017, as barred by *res judicata*); *Daniels v. Sherman*,

27  Case No. 1:16-cv-01312-LJO-EPG (E.D. Cal.) (dismissed on June 20, 2018, as barred by *res*

28  *judicata*).  Plaintiff also filed another action raising the same claims as those presented in *Daniels*

1    *v. Allison* and the instant case, which has since been dismissed.  *See Daniels v. Sherman*, Case

2    No. 1:18-cv-01499-LJO-EPG (E.D. Cal.) (dismissed on March 11, 2019 as duplicative).  In light

3    of Plaintiff's repeated filing of duplicative lawsuits regarding these claims, this action also should

4    be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).  *See Cato*, 70 F.3d at 1105 n.2.

5    **III.     Conclusion and Recommendation**

6          Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed as

7    barred by *res judicata*, and as frivolous pursuant to 28 U.S.C. § 1915(e).

8          These Findings and Recommendation will be submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

10   **(14) days** after being served with these Findings and Recommendation, the parties may file

11   written objections with the court.  The document should be captioned "Objections to Magistrate

12   Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within

13   the specified time may result in the waiver of the "right to challenge the magistrate's factual

14   findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

15   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16

17   IT IS SO ORDERED.

18      Dated:   __September 29, 2021__          ___/s/ Barbara A. McAuliffe___

19                                               UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                                12