# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, III,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERMAN,<br><br>    Defendant. | Case No.  1:18-cv-01420-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 19) |

Plaintiff Norman Gerald Daniels, III ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 30, 2021, the Court issued findings and recommendations recommending that this action be dismissed as barred by *res judicata* and as frivolous pursuant to 28 U.S.C. § 1915(e). (ECF No. 16.)  Following an extension of time, Plaintiff's objections are currently due on or before November 22, 2021.  (ECF No. 18.)

Currently before the Court is Plaintiff's motion to appoint counsel, filed October 28, 2021. (ECF No. 19.)  In his motion, Plaintiff states that he is seeking appointment of counsel because he is legally blind, and due to his disability, he has insufficient access to the courts.  Specifically, Plaintiff argues that he has very limited time to access the ADA equipment in the law library, and other inmates can read and write for many more hours per month than he can simply from their cells or housing units, without waiting for access to the law library.  (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary

assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's first amended complaint was screened, the Court found that Plaintiff's claims are barred by the doctrine of *res judicata*, and has recommended dismissal of this action. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Finally, the Court notes that if Plaintiff continues to experience limited access to the law library and the ADA equipment at his institution, he may seek appropriate extensions of time for any applicable deadlines, as he has done in the past.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 19), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 1, 2021**          /s/ *Barbara A. McAuliffe*  _
UNITED STATES MAGISTRATE JUDGE